LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ONTARIO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-5263<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>4. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>5. Municipal Liability—Failure to Train (42 U.S.C. § 1983)<br>6. Battery (Wrongful Death)<br>7. Negligence (Wrongful Death)<br>8. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT FOR DAMAGES

1. Plaintiff AGUSTIN MARTINEZ for his complaint against Defendants CITY OF ONATARIO, and DOES 1-10, inclusive, alleges as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the police shooting of Plaintiff, AGUSTIN MARTINEZ.

## PARTIES

3. At all relevant times, AGUSTIN MARTINEZ ("PLAINTIFF") was an individual residing in County of San Bernardino, California.

4. At all relevant times, Defendant CITY OF ONTARIO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1-5, who were CITY police officers, and DOES 6-10 who were supervisorial officers, managerial and policymaking employees of the CITY Police Department. On information and belief, at all relevant times, DOES 1-10 were residents of County of San Bernardino, California. DOES 1-10 are sued in their individual capacity for damages only.

5. At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

6. At all relevant times, Defendants DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

7. In doing the acts and failing and omitting to act as hereinafter described,

Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

8. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

9. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

10. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13. On July 19, 2019, at approximately 11:30 a.m., PLAINTIFF was shot while he was in his car by members of the Ontario Police Department ("OPD"). PLAINTIFF was on or near the driveway of his home in the City of Fontana, California at the time of the shooting.

14. While driving his car on or near his driveway, the involved OPD officers CITY police officers discharged their firearms at PLAINTIFF, causing an incapacitated PLAINTIFF to immediately lose control of his vehicle.

15. PLAINTIFF never struck any of the involved officers, or anyone else with his vehicle, nor did he attempt to do so. Further, PLAINTIFF never intentionally struck the involved officers' vehicles, or anyone else's vehicle, with his car.

16. The involved OPD officers discharged their firearms at the PLAINTIFF despite the fact that he posed no imminent threat of death or serious bodily injury to anyone.

17. PLAINTIFF, who was unarmed, was struck by the bullets fired by the involved OPD officers, causing PLAINTIFF serious physical and emotional injuries. Further, PLAINTIFF is permanently paralyzed as a result of the gunshot wounds he sustained. Further, PLAINTIFF was shot in the face which makes speaking, breathing and eating extremely difficult. Moreover, PLAINTIFF required numerous surgeries due to his injuries and is expected to require additional surgeries in the future.

18. PLAINTIFF was inside his vehicle and at least some of the involved OPD officers were on foot at the time of the shooting.

19. At no point during this incident did PLAINTIFF cause serious bodily injury to the involved police officers or anyone else.

20. At the time of the shooting, the involved OPD officers were not in danger of being struck by PLAINTIFF's car he was driving, nor was anyone else. The involved officers were able to and did in fact move out of the way of the PLAINTIFF's vehicle.

21. The involved OPD officers are trained not to place themselves in the path of a vehicle which they are trying to stop and if they find themselves in the path of a vehicle they are trying to stop, they are trained to get out of the way. Further, the involved OPD officers are trained that shooting at moving vehicles is highly disfavored because it rarely works in causing the vehicle to stop and is most likely to result in the driver of

the vehicle losing control of said vehicle, which would be a danger to the driver of the vehicle, their passengers, the officers and the public in general. Further, the involved officers were trained to have a clear backdrop or background when they are shooting because of the likelihood that an innocent bystander may be shot. Here, the shooting occurred in the residential area with people's homes as the backdrop/background when the officer's where shooting.

22. After being shot by the involved OPD officers, PLAINTIFF was bleeding profusely. Despite PLAINTIFF's obvious serious injuries, the involved OPD officers did not timely summons medical attention for PLAINTIFF.

23. PLAINTIFF was unarmed and posed no imminent threat of death or serious physical injury to either the involved OPD officers or any other person if he was not immediately apprehended.

24. On information and belief, the involved OPD officers violated the OPD's policy regarding shooting at moving vehicles.

25. During the incident, the involved OPD officers were acting under the color of law when they shot PLAINTIFF

26. On information and belief, CITY, including but not limited to, its police department, has an unofficial policy, practice and/or custom of finding almost all—if not all—of its officer involved shootings to be within policy, of not disciplining its officers involved in shootings, or not retraining or firing officers involved in shootings, and of not recommending criminal charges against their officers involved in shootings. As a result, officers involved in excessive uses of deadly force are allowed back to patrol the streets even though the CITY knows, or should know, that these officers have a propensity for using excessive deadly force against the citizens that the officers are supposed to protect and serve. Even when CITY officers have multiple uses of excessive force, including deadly force, on their record, these officers are not retrained, disciplined or fired, and

instead, their uses of force are routinely found to be within policy and a significant number of people continue to be killed by CITY's officers, with no sign of letting up.

27. On information and belief, as a result of CITY's policy, custom and/or practices, officers know that if they use deadly excessive force against someone, they will not be disciplined and their use of force will be found within policy, which results in a significant number of CITY's officers being involved in many shootings. This policy, custom and/or practice was established by supervising and managerial employees of CITY, specifically, those employees tasked with determining whether officer involved shootings fall within policy, those employees responsible for disciplining, retraining, and firing employees who use excessive force, and for those employees responsible for making recommendations of criminal charges being filed against deputies who use excessive deadly force.

28. On information and belief, this policy, custom and/or practice has existed for at least the past 10 years, and existed well before PLAINTIFF was shot by the involved officers. This policy, custom and/or practice was established so that CITY's officers do not bear the responsibility for the people that they use excessive deadly force against and to maintain the publics' confidence in the CITY's police department. This policy, custom and/or practice exists so that the public does not have such a negative perception of the CITY and its police department and so CITY's employees can avoid the repercussions associated with using excessive deadly force against someone, including negative publicity, avoiding criminal prosecution and avoiding civil liability. A significant reason that this policy, custom and/or practice were established was to avoid CITY being liable, under a theory of vicarious liability, for the uses of excessive deadly force by its officers/employees. In other words, there is a large financial incentive for CITY to find most, if not all, of its officers' uses of deadly force to be found within policy. If CITY would admit that their officers were at fault for using excessive deadly force, then CITY

is well aware of how much they would have to pay out for any associated litigation.

# FIRST CLAIM FOR RELIEF
### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
(By All Plaintiff against Defendants DOES 1-5)

29. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. The involved OPD officers' unjustified shooting deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. The unreasonable use of force by the involved OPD officers deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32. As a result, PLAINTIFF suffered extreme pain and suffering, including permanent paralysis, disfigurement and scarring. PLAINTIFF also suffered a loss of income and earning capacity due to the injuries he sustained.

33. As a result of the conduct of the involved OPD officers, they are liable for PLAINTIFF's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

34. PLAINTIFF never verbally threatened the involved OPD officers or anyone else prior to the shooting.

35. The involved OPD officers violated the City police department's policy regarding shooting at moving vehicles.

36. The conduct of the involved OPD officers was willful, wanton, malicious and done with a reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages against them.

37. The excessive and unreasonable force used against PLAINTIFF deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38. Accordingly, the involved OPD officers each are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983.

39. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income. PLAINTIFF is also seeking attorney fees under this claim for relief.

40. PLAINTIFF also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiff against Defendant DOES 1-5)

41. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42. The denial of medical care by the involved OPD officers deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43. As a result, PLAINTIFF suffered extreme mental and physical pain and suffering and loss of income and earning capacity.

44. Defendants DOES 1-5 knew that failure to provide timely medical treatment to PLAINTIFF could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing PLAINTIFF great bodily harm.

45. After shooting PLAINTIFF multiple times, DOES 1-5 did not timely summons medical attention for PLAINTIFF, who was bleeding profusely and had obvious serious injuries.

46. The conduct of Defendant DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendant Does 1-5.

47. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income. PLAINTIFF is also seeking attorney fees under this claim for relief.

## THIRD CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiff against Defendants DOES 6-10 and CITY)

48. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49. On information and belief Defendant DOES 1-5's shooting of PLAINTIFF, who was unarmed at the time of the shooting, who never attempted to strike anyone with the car he was driving and who never physically injured anyone during the incident, was found to be within CITY Police Department policy, despite violating CITY's policy by shooting at a moving vehicle.

50. On information and belief Defendant DOES 1-5's shooting of PLAINTIFF, who was unarmed at the time of the shooting, who never attempted to strike anyone with the car he was driving and who never physically injured anyone during the incident, was ratified by CITY Police Department supervisorial officers.

51. On information and belief Defendant DOES 1-5 were not disciplined for shooting PLAINTIFF, who was unarmed at the time of the shooting, who never

attempted to strike anyone with the car he was driving and who never physically injured anyone during the incident.

52. On and for some time prior to July 19, 2019 (and continuing to the present date) Defendants DOES 6-10, deprived PLAINTIFF of the rights and liberties secured to him by the Fourth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    (a) Employing and retaining as police officers and other personnel, including DOES 1-5 whom Defendants DOES 6-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

    (b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, including DOES 1-5, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (c) By failing to adequately train officers, including DOES 1-5, and failing to institute appropriate policies, regarding constitutional procedures and practices for shooting at occupied vehicles and moving vehicles;

    (d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies,

customs, and practices of DOES 6-10 and CITY, were done with a deliberate indifference to individuals' safety and rights; and

(e) Of totally inadequately training CITY Police Officers, DOES 1-5, with respect to shooting at occupied vehicles and moving vehicles and with respect to the use of deadly force.

53. By reason of the aforementioned policies and practices of Defendants DOES 6-10, PLAINTIFF was severely injured and subjected to pain and suffering.

54. Defendants DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

55. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 6-10, acted with an intentional, reckless, and callous disregard for the life of PLAINTIFF and his constitutional rights. Defendants DOES 6-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

56. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 6-10, were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

57. By reason of the aforementioned acts and omissions of Defendants DOES 6-10, Plaintiff was caused to incur medical expenses, and will incur medical expenses in the future and loss of income and earning capacity.

58. Accordingly, Defendants DOES 6-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

59. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income. PLAINTIFF is also seeking attorney fees under this claim for relief.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants DOES 6-10 and CITY)

60. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein. While acting under the color of state law and within the course and scope of their employment as police officers for the CITY police department, DOES 1-5's shooting of PLAINTIFF, who was unarmed at the time of the shooting, who never attempted to strike anyone with the car he was driving and who never physically injured anyone during the incident, deprived PLAINTIFF of his rights and liberties secured to him by the Fourth Amendment, including his right to be free from unreasonable search and seizure.

61. The training policies of the defendant CITY police department were not adequate to train its police officers, including but not limited to, DOES 1-5, with regards to using deadly force, shooting at moving and occupied vehicles and with regards to racial profiling. As a result, CITY police officers, including DOES 1-5, are not able to handle the usual and recurring situations with which they must deal, including stopping or pulling over vehicles and investigating vehicles occupied by subjects or suspects. These inadequate training policies existed prior to the date of this incident and continue to this day.

62. The Defendant CITY police department was deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including DOES 1-5, adequately with regards to shooting at moving vehicles and occupied vehicles. This inadequate training includes failing to teach officers to get out of the path of moving vehicles, to move or jump out of the way if a vehicle is in your path, instead of shooting at it, that shooting at moving vehicles is highly disfavored because it is highly ineffective and dangerous and is most likely to result in the driver of the vehicle losing control of said vehicle, which would be a danger to the driver of the vehicle, their passengers and others.

63. The failure of the Defendant CITY police department to provide adequate training with regards to shooting at moving and occupied vehicles, caused the deprivation of the PLAINTIFF's rights by DOES 1-5. In other words, the Defendant's failure to train is so closely related to the deprivation of the PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

64. By failing to provide adequate training CITY's police officers, including DOES 1-5, Defendants DOES 6-10, acted with an intentional, reckless, and callous disregard for the life of PLAINTIFF and PLAINTIFF's constitutional rights. Defendants DOES 6-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

65. By reason of the aforementioned acts and omissions of Defendants DOES 6-10, PLAINTIFF was caused to incur past medical expenses and it is anticipated that he will incur medical expenses in the further.  Further, PLAINTIFF suffered or will suffer, loss of past and future income.

66. Accordingly, Defendants DOES 6-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

67. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income. PLAINTIFF is also seeking attorney fees under this claim for relief.

### FIFTH CLAIM FOR RELIEF
### Municipal Liability— Ratification (42 U.S.C. § 1983)
(By all Plaintiffs against Defendants DOES 6-10 and CITY)

68. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69. DOES 1-5 acted under color of law when they shot PLAINTIFF. DOES 1-5's shooting of PLAINTIFF was excessive and unreasonable because PLAINTIFF was unarmed at the time of the shooting, PLAINTIFF never attempted to strike anyone with the car he was driving and he never physically injured anyone during the incident. Further, the acts of DOES 1-5 deprived PLAINTIFF of his particular rights under the United States Constitution.

70. DOES 6-10 acted under color of state law. DOES 6-10 had final policymaking authority of Defendant CITY concerning the acts of DOES 1-5.

71. DOES 6-10 ratified DOES 1-5's acts, that is DOES 6-10 knew of and specifically made a deliberate choice to approve DOES 1-5's acts and the basis for it.

72. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income. PLAINTIFF is also seeking attorney fees under this claim for relief.

### SIXTH CLAIM FOR RELIEF
### Battery (Cal. Govt. Code § 820)
(By Plaintiffs against Defendant DOES 1-5 and CITY)

73. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74. DOES 1-5, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot PLAINTIFF, causing an incapacitated PLAINTIFF to lose control of his vehicle.

75. As a result of the actions of DOES 1-5, PLAINTIFF suffered severe pain and suffering and loss of income and earnings capacity. DOES 1-5 had no legal justification for using force against PLAINTIFF, and said Defendants' use of force while carrying out their police duties was an unreasonable use of force.

76. As a direct and proximate result of Defendants' conduct as alleged above, PLAINTIFF suffered extreme and severe mental anguish and pain and has been injured in mind and body, including permanent paralysis, disfigurement and scarring. PLAINTIFF is also claiming past and future loss of income.

77. Defendant DOES 1-5 violated the CITY police department policy regarding shooting at moving vehicles.

78. CITY is vicariously liable for the wrongful acts of DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79. The conduct of DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

80. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income.

///
///
///

15
Complaint for Damages

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENCE
## (Cal. Govt. Code § 820)

**(**By Plaintiff against all Defendants**)**

81. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

   (a) the failure to properly and adequately assess the need to use force or deadly force against PLAINTIFF;

   (b) the negligent tactics and handling of the situation with PLAINTIFF, including pre-shooting negligence;

   (c) the negligent detention, arrest and use of force, including deadly force, against PLAINTIFF;

   (d) the failure to provide prompt medical care to PLAINTIFF;

   (e) the negligent handling of evidence and witnesses;

   (f) violating CITY police department's policy regarding shooting at moving vehicles; and

   (g) shooting PLAINTIFF's vehicle multiple times while he was inside the vehicle, causing him to lose control over the vehicle.

83. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering and a loss of earnings capacity.

84. CITY is vicariously liable for the wrongful acts of DOES 1-5 pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is

liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income.

## EIGHTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By Plaintiff against DOES 1-5 and CITY)

86. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion. DOES 1-5 intentionally and recklessly used excessive and unreasonable force against PLAINTIFF in order to prevent him from exercising his rights, including his right to be free from excessive and unreasonable force.

88. Defendant DOES 1-5's use of deadly force against PLAINTIFF was excessive and unreasonable under the circumstances, especially since PLAINTIFF was unarmed at the time of the shooting, he never attempted to strike anyone with the car he was driving and he never physically injured anyone during the incident. Defendants' actions thus deprived PLAINTIFF of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

89. DOES 1-5, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of PLAINTIFF to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from

state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

90. PLAINTIFF reasonably believed that if he exercised his rights, including his civil rights, DOES 1-5 would commit acts involving violence, threats, coercion, or intimidation against them or their property.

91. PLAINTIFF was caused to suffer extreme mental and physical pain and suffering, including permanent paralysis and loss of earnings/ earning capacity.

92. The conduct of DOES 1-5 was a substantial factor in causing the harms, losses, injuries, and damages of PLAINTIFF.

93. CITY is vicariously liable for the wrongful acts of DOES 1-10, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

94. The conduct of DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling him to an award of exemplary and punitive damages.

95. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income. PLAINTIFF is also seeking attorney fees under this claim for relief.

///
///
///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendants City of Ontario, and Does 1-10, inclusive, as follows:

A. For general damages in the amount to be proven at trial;

B. For special damages according to proof; including past and future medical expenses and loss of income;

C. For punitive damages in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate; and

G. For treble damages under Civil Code Section 52.1.

Dated: June 29, 2021          By          *s/ Eric Valenzuela*
                                          Dale K. Galipo
                                          Eric Valenzuela
                                          Attorneys for Plaintiffs